Please rise, this court is now in session. What did she say? It's 13. Call the next case, please. 313-0419, people of the state of Illinois, Edwin B. Brown v. David Wright, accounted by Mark Fisher. Mr. Fisher? Good morning, your honors. May it please the court, counsel, I'm representing the defendant in this case, Derek Wright. Mr. Wright was convicted in a bench trial of three counts of criminal sexual assault. Specifically, the judge found that on June 5, 2011, defendant engaged in an act of sexual penetration with the complainant in one count by the use of force, in another count knowing she was unable to give consent, and in the final count that he stood in a position of trust as to the complainant and that she was older than 13 but younger than 18. Mr. Wright was sentenced to three concurrent terms of 25 years imprisonment. The four issues have raised on appeal, and working backwards, if I may, issue four raises a one-act-one-crime argument. Even the judge recognized in sentencing that all three offenses here, or charges, were based on the same act, and therefore the defendant asked this court in issue four to reverse or vacate two of the convictions and two of the sentences, and the state concedes that point on appeal. In issue three, the defendant requests a re-land for resentencing because the judge relied on improper factors in imposing the 25-year sentences. Now, in issue two, the defendant had asked this court to remain the cause of the circuit court for preparation of a bystander's report to fill in gaps in the record, and this court has already ordered that to be done, and Rock Island County has now filed with this court a bystander's report. Finally, in the first issue raised on appeal, the defendant seeks a re-land for a new trial because the judge relied on improper considerations in finding the defendant guilty. Now, argument this morning was scheduled at Your Honor's request, and so I'm guessing that perhaps Your Honors might have specific questions of myself or counsel or might want myself or counsel or and counsel to address specific points or issues raised in the briefs. Otherwise, and of course if you do, I'd be happy to take Your Honor's direction. Otherwise, do you have comments prepared? Well, if I could just, on the first issue of your brief, but the last issue you just touched, if we make two of the convictions, as everybody agrees we must, one of the convictions is for sex with somebody who's underage and therefore can't give consent, correct? Well, not exactly. The way it was charged in this case, one count alleged that she was underage and he stood in a position of trust as to her. Another count alleged force. The final count alleged that she was unable to give consent, but the way the case law has construed that precise statutory provision, it requires proof that the complainant is unable to give consent either because she's unconscious or she has mental difficulties or she's intoxicated. It's something other than age. So the state here did not charge specifically a traditional statutory rape charge. As I said, the one count talked about age, but it also required proof that he stood in a position of trust as to her. As I say, if there are not specific issues, at least at the beginning, Your Honors would like me to address, then I would like to take my time this morning talking both about issue one and about issue two. As I noted earlier, this was a bench trial, and the judge made extensive comments explaining why he found the defendant guilty, and I would submit to Your Honors that those comments revealed two clear and very significant errors made by the judge relying on things that by law he should not have relied on. First, he faulted the defense for failing to present physical evidence, specifically a motel receipt. Now, the complainant testified at trial that the defendant sexually assaulted her on a residential street outside his car and that there were no eyewitnesses. The defendant and Alexis Hicks testified that on the night in question, the defendant, Hicks, the complainant, and Brandon Kelly went to a motel, that inside the motel room, Hicks and Kelly engaged in consensual sex, and in the same room, the defendant and the complainant separately engaged in consensual sex. The judge stated in finding the defendant guilty that if the defense testimony were true, the defense would have presented into evidence the motel receipt. The judge called that motel receipt the defendant's passport to freedom, and he said, because I'm not sitting here looking at that passport, I reject your testimony. This was improper because it shifted the burden to the defense to prove his innocence. Once the defendant testifies, I mean, the judge can say, look, I don't believe you because you didn't say enough, or something like that. It's different than if he had made that comment had the defendant not testified. But once he testified, I find your story not credible because if it weren't true, you'd have done this, this, and this. That's not shifting the burden. It's different had the defendant not taken the stand and the judge had said, well, if he should have brought in, he should have brought this evidence or this evidence. But once he testifies, what's improper about the judge commenting on things that cause him to weigh on the defendant's credibility as a witness? Well, I think there's a distinction there. There is absolutely no question that if the defendant testifies, as he did here, that his credibility can be assessed by the trier of fact just as can the credibility of any witness. And certainly if the defendant testifies and the trier of fact finds that testimony not to be credible, there's no question the trier of fact can consider that as a reason to find the defendant guilty. The problem here is the judge required the defense to corroborate the defendant's testimony. And there is no other. Now, certainly. What's wrong with that? Because if shifting the burden, you have to give me evidence proving your innocence. Certainly, the greater extent to which the defendant can corroborate his testimony, a much stronger case, just as to the greater extent the prosecution can corroborate its complainant, a much stronger prosecution case. But requiring the presentation of physical evidence, saying you didn't give me this, therefore I'm holding it against you, that's shifting the burden. In fact, the judge. He said, therefore, I don't believe you. He can say. It's fine to say I don't believe you because from your testimony, your body posture, your tone of voice, whatever the case may be, I'm just, oh, it's just a preposterous claim, whatever the case may be. Sure, that's fair game. I have no problem with that. The problem is saying you have to give me physical evidence and you didn't. And, in fact, the judge specifically said, now, if the prosecution had failed to pursue a complete investigation or if the prosecution had failed to follow up on the leads, I would have held that against the prosecution. So, conversely, you didn't do a sufficient investigation, so now I'm holding that against you. And the problem is that the burden is always on the state. It doesn't shift. So it's fine to say you're not credible. But to say you didn't present physical evidence corroborating, that's shifting the burden, and that's the problem I have with what the judge did here. Well, and I suppose from the other standpoint, how many people go get hotel receipts when they've been at the hotel to have illicit sex? Well, I was going to mention as well that I have some problems with the logic of the judge's analysis here. In a couple of respects, one involves the timing here. The conduct, whatever it was, took place in June 2011. The charges were not filed until March 2012, so that's nine months later. And I suppose some people probably do hang on to hotel receipts for nine months. I would submit probably many don't. And if the defendant was truthful and would have had no reason to believe she was going to accuse him, then he'd probably have no motive to hang on to the receipt. And even more important than that, even if the receipt was presented to the judge, would it have shown how many people were in the room? Would that have shown the identities except for perhaps the person who paid for the room? So I don't think it would have proved all that much. Okay, so what counter counts does this issue go to? I think it goes to all of them because this was strictly a credibility case. There's no physical evidence proving what happened that night. Well, he testified that he had sex with this girl. I'm sorry? He testified that he had sex. Yes, he admitted that it was consensual. That's correct. So that would go certainly to the fourth charge. You know, the charge, I would submit that they, although I didn't raise a reasonable doubt, I mentioned the reply brief in conjunction with the one act, one crime. The unable to give consent, the state didn't show any of that in any event. So whether they did or didn't, this issue of the hotel receipt and what the judge said is irrelevant. Well, true. Now, it certainly goes to the fourth. And I think it goes to the credibility as well as the one count involving trust. Now, the fact that it's not specifically related, but in general, since all of them depended on credibility, I think it is important. The judge also committed another very important error here when he relied on his own outside information as to the integrity of the prosecutor in finding one of the prosecution witnesses to be credible. When the defendant testified, he was questioned in cross-examination as to whether or not he had any conversations with the complainant's father after the incident. He said no, he did not. The state then called as a rebuttal witness the complainant's father.  Now, the timing was somewhat unclear from the testimony as to the first conversation. But the father said that in the first conversation, he asked the defendant about his relationship with his daughter and apparently said to the defendant, you know, she's only 16, and he claimed the defendant's response was, oh, don't worry, I wouldn't do anything improper with her. I see myself almost as an uncle to her. No blood relation, but I feel almost like an uncle. The second conversation, allegedly the defendant told the father, said to the father a derogatory name for the complainant and made a statement that I think most people would say was incriminating. Again, the defendant denied these conversations, but the judge focused on the first conversation and said this alleged testimony or the testimony about the defendant's alleged statement to the father that I see myself as an uncle to her was relevant to the element of the offense requiring the state to prove that the defendant stood in a position of trust as to the complainant. The judge then went on to say, in essence, that this was kind of a fine legal point that probably most lay witnesses would not appreciate and therefore would not make up, that it would have only been untruthful testimony if the prosecutor did so. The prosecutor was the only one who could have fed that information to the witness and convinced the witness he had to save it. But in his estimation, that couldn't have happened because this prosecutor was above reproach. That violates the cardinal principle that the trial, in fact, is limited to the evidence presented by the attorneys, is not allowed to rely on outside information. Thank you again. This becomes very important because this is a credibility case. The two errors go into the credibility of the witnesses, and the defendant submits for these reasons he was denied a fair trial. Now, with respect to the second issue, as I previously mentioned,  I didn't ask you to do that just as an academic exercise, but because I believed that if the representations in the post-trial motion were true, that defense requested a continuance to calling Brandon Kelly as a witness, but if, in fact, the judge denied that request, which is what she represented, then the importance of his testimony or potential testimony as reflected by the defendant and Alexis Hicks would likely support an argument that the judge eased his discretion in denying that continuance. And we now have that bystander's report, and it shows that defense counsel's representations on the record were accurate. So I would like to make that argument, Your Honors. I would like Your Honors to consider it. And I only received a copy of the bystander's report last week. Off the record, I contacted counsel. He had also only recently received it, and I told him I was inclined to talk about it today. If Your Honors would like supplemental briefing, I'd be happy to do that. If Your Honors would like me to make an argument with or without supplemental briefing, I'd be happy to do that. Well, as well, I'd be happy to follow the direction of Your Honors and comply with your wishes, because obviously it's an unusual situation. What would be the nature of the supplemental briefing? I'm sorry, Your Honor? What would be the nature of the supplemental briefing? The supplemental briefing would make the argument that I hinted at might be there in Issue 2 in the original briefs, which was that the judge here abused his discretion and denied Mr. Wright a fair trial when he denied defense counsel's request for continuance on the first day of trial in order to secure the attendance of defense witness Brandon Kelly, because apparently the parties had just discovered that Mr. Kelly was in custody in the state of Iowa and therefore was not available to testify that day. And the bystander's report shows that, in fact, that request was made, but the judge denied the request. The bystander's report also discloses three reasons the judge gave for denying the request, and the defendant submits that none of those reasons were adequate or sufficient to override the defendant's fundamental right to fully and fairly be able to present his defense, especially, again, in what was strictly a credibility case. Would supplemental briefing also include any discussion about the credibility of the prosecuting attorney? Well, it certainly mentioned that. It was interesting because, again, in the trial court, defense counsel, there was no transcript. That's the problem. There was no court reporter present at the time that this request for continuance apparently was made. So it first shows up in the record in the post-trial motion. Several issues raised in the post-trial motion, but one of them being the judge denied the defendant a fair trial because he refused to continue the case to allow defense to bring in Mr. Kelly, who the defense had intended to call as a witness. Oddly enough, the record of the hearing on the post-trial motion includes the prosecutor responding to that early by saying defense never requested a continuance. Now, of course, the judge ruled on the post-trial motion and denied it, but in doing so did not specifically address that point. So the record left open the question, was counsel correct that a continuance was requested and denied? Was she not? Well, now they've all signed off, the judge and the trial attorneys have signed off on the bystander's report saying the request was made and the request was denied. Kelly would testify to what? I'm sorry? Kelly would testify to what? Well, I think the record of the trial transcript indicates that he would have testified similarly to the defendant's testimony and Lexis Hicks' testimony that the four of them went to this motel room, they paired off, and they had sex, although I'll acknowledge the report's a little bit different. Okay, and that's going to help defend it just how? Well, the purpose, according to the case law, and I think this makes sense, the purpose of the criminal trial, and I think more than any trial, but certainly the purpose of the criminal trial is to search for the truth, trying to figure out what really took place in this case. And I'd submit that that goal is advanced where all of the alleged occurrence witnesses actually come in and testify. Unfortunately, we see many cases where that doesn't always happen. Oftentimes the scapegoat is the fact that people don't come forward, but if she was an occurrence witness, number one, there's no question that had he been there in court, he would have been allowed to give testimony. I guess my question is, the truth is that the defendant had sex with a 15-year-old girl. Correct, correct. So how does that help? Well, again, except that wasn't exactly the complaint. Well, yeah, the complaint was that we had sex, but her testimony obviously was very different from the testimony of the defendant and Alexis Hicks. And an important part of that was the count alleging force, that it was done by force. The count involving position of trust, and again, that became credibility. It was a state antitrust defendant student in position of trust asked for the complaint, and a couple of family members said, oh, he's kind of like a friend of the family. He's known us for a long time. The defendant said, no, I only met her several months before we had sex. I'm not a friend of the family. I had no idea as to her age. So, again, it's completely credibility. And if, for example, the defense witnesses are found to be credible with respect to what they say, it's not just credibility on one point, it's credibility on everything. Now, the judge can parcel it out, I suppose, and say, well, you know, this goes to this, this goes to that. The judge didn't do that here. What he basically relied on is what he saw as the credibility of these witnesses. And so I think if, and, you know, the judge is helping him, he'll tell us. So it was very important to this judge that the defendant be able to corroborate his testimony. He did so with Alexis Hicks, but the judge obviously wanted additional corroboration. Well, maybe in a somewhat different way, Mr. Kelly would have been able to provide that additional corroboration. We, of course, don't know if he would have changed the judge's mind, but you can't prejudge credibility before the witness testifies. And given that it was strictly a credibility case, the more evidence, whatever it may be, testimony or what have you, that corroborates the defendant's testimony certainly has the possibility, it's not a counting exercise, but certainly has the possibility of changing the judge's mind, yes, you've corroborated, and I believe you. And so that is the importance of Mr. Kelly. And here it's a bench trial. So the judge could have heard all these witnesses on this day, issued a writ to the holding facility, had the witness brought in the following week, he's only in Iowa, he's not like South California or something. You bring him in, you see that happen here and there, witnesses in custody of the jail, DOC brought in to testify, then returned to the holding facility. It would not have been a very difficult thing to do. And given that this was an important case, Class I felonies, but extended term eligible, we've got 25 years, very serious ramifications, defendant submits his constitutional right to present a full defense, was damaged here with no good reason not to continue the case for a week or so, to bring in this one witness. And for these reasons in addition, that's the argument that the defendant would make. And again, if you'd like supplemental briefing, I can go into more detail, I'd be more than happy to do that if the court would allow it or desire it. We'll make that decision and advise you about whether to do that or not. I'm sorry, what? I said we'll make a decision on that. All right, thank you very much. And for the questions, thank you very much. So thank you, Mr. Fisher and Mr. Romano. If he's the court, I'm going to be honest. Quite a bit to unpack here. I guess where I will start with the second issue regarding the new statement of facts bystanders report, however they phrased it, it probably would be advisable to have supplemental briefing because I only just apparently came to office October 5th, and I did not get it to review until last week. So I have cases that I could cite that would say it's discretionary for the trial judge, and if it is only People v. Mays is the third district, this district's case from 1993, which discusses that the denial of a continuance is not an abuse of discretion when there's no reasonable expectation that the witness will be available in the foreseeable future or when the missing witness's testimony is merely cumulative, which goes to Your Honor's comment about what Mr. Kelly testified to, the same thing that both the defendant and Ms. Hicks testified to. So it would be cumulative evidence, and also counsel representative is quoting this that she did not know how long Mr. Kelly would be incarcerated. It wasn't like there were 40 people in that motel room. You're talking about one additional witness. That doesn't seem like it would be cumulative. Well, three of the four testified that they were allegedly present. So yes, it would be cumulative. I mean, it's not like it's going to delay the trial or prolong the trial for one additional witness who would be the fourth person who was allegedly in the motel room. Which comes to the second point about that bystander support. Judge Broad represented and it was agreed to that he would have allowed the case to be continued for Kelly to be brought if they thought it was going to be important. As far as my recollection, counsel never asked for that after all the witnesses had testified. Therefore, that was a forfeiture of that claim. Thank you. As far as the, we concur that the one act, one crime, two of those convictions are going to have to be vacated. We do have an issue with the count three, which has to do with inability to give consent. No argument was made on that in the initial brief. I'm sorry. Could we go back to one act, one crime, just one minute? Sure. Two of them have to go. Is there one that's more likely than the others to survive? Since they are all on the same level of offense, under ARDIS, it's probably going to have to be remanded to the trial court to make that determination. The, if the force, if all three are surviving, the force element is arguably the more serious one, because that involved a physical crime, a crime of violence, if you will, whereas the other two were a matter of trust or inability to consent. So that one would probably be the one that should survive. The force one? The force one. Okay. But, again, they're all the same one. I take it you're speculating. Right. It's, since they're on the same level of offense, under ARDIS, it's appropriate, I guess, to send it back to court of judgment to say that. The argument regarding Lloyd specifically and the lack of evidence, alleged lack of evidence regarding the ability to give consent was not argued in the opening brief and, therefore, was waived under 341 H7. So this court should not consider that. Therefore, at least the third claim should be affirmed. If you're going to consider that, I would point to the fact that under Lloyd, one of the elements is intoxication. Wright, our defendant, and Hicks both testified that everybody was drinking and smoking marijuana. That is intoxication. So that is evidence that she did not give, was unable to give consent. So, again, that's not developed because we weren't aware of that argument when we did our answer brief. Going back to the initial argument one regarding the comments by the trial judge about the receipt. Again, as Mr. Schmidt commented, echoes to the defendant's credibility. The initial comments by Judge Broad were that the only question is whether she consented. I have every reason to credit her testimony, and that is, I'll say for the record, that I find her testimony to be true and I find the defendant's testimony to be untrue. So the receipt would have been simply bolstering or helping his credibility. If a defendant is going to raise an outlier defense, he's got to present evidence of that defense. He's going to raise self-defense. He's got to raise some evidence to support that. To say that it's shifting the burden to have a defendant make the claim and then be able to support that claim is wrong, is incorrect. It is simply a matter of credibility. The comments regarding the prosecutor, the witness of the uncle, I'm sorry, the father, who testified he had these conversations with the defendant, he was, Judge commented that he was very upset and he could have made this up if he'd tried, I believe is the quote from the trial that Judge brought. Now, why he had to go into this explanation, I don't know. But he still felt, for whatever reason, the need to explain why he believed that the father could only have understood his testimony if it was fed to him. There was no need to really do that. But it does not make it. It was the fact that the father was upset that seemed to make the judge find him more believable. You're fudging a little bit, don't you think? He did say that the father was upset. But he also went on to talk about the fact that he thought that the prosecutor was beyond reproach and that she would not have been a person who would have said anything. Not only was he saying, apparently straightforward, that because I believe in the prosecutor, it's additional reason to find this man credible, but it also raises, I think, the specter that his respect for this prosecutor may have permeated other parts of the trial. So, you know, to me, it's suggesting that there's bias on the part of the court that puts into issue or into question whether or not his assessment of things is there. Well, I do cite for that general proposition, People v. Mahaffey, which is the Illinois Supreme Court case of 1989, in which there was an allegation that Batson's challenge was that the prosecution was biased in making their recusals. And the court stated the trial judges are familiar with local conditions and prosecutors and can draw upon their power of observation and judicial experience as a guide in distinguishing a true case of discrimination as opposed to a false one. Now, we're not dealing with Batson's situation, but we're dealing with the fact that it is okay to rely upon an expectation or an experience with the prosecutor in order to make determinations. And it's not lame that just because that prosecutor brings a case, she's automatically going to win. I mean, we don't get the acquittals, obviously, but I would suspect that the judge, now judge, has lost a few cases in front of Judge Broad. And as far as the comments, one could say it to make it seem as if the defendant, that father's testimony was entirely dependent upon the credibility of the prosecutor. We don't believe that's the case. But it's partially. And, again, I don't know why you felt it. Sorry, what? How can you read it otherwise than that it's partially dependent on his assessment of the credibility of the prosecutor? You mean the witness? Prosecutor. Oh. His assessment of the witness based upon the prosecutor. Yes. It is a situation where the witness is providing information that was important to the case in the judge's mind. We would submit that even if you got rid of the father's testimony, that the case would still be, should still be affirmed. That's not the issue, is it? Well, yeah, it can be the issue because that's, even constitutional errors can be forfeited or, and certainly there was no objection made at that time to those comments. So it was forfeited. And prejudice has to be shown. Prejudice, just the mere fact that that witness might have, if he hadn't testified, the result would have been the same. That results in no prejudice. And therefore, even if the judge had, unfortunately, bolstered the credibility of that particular witness, it doesn't matter. Is bias of a judge a structural error? Bias of a judge, if you can show specifically against that defendant, yes. But that's not what occurred. There's no other indication. He was only saying that this witness and this prosecutor, not saying anything about what the general defendant's case. The, I think I've covered everything that counsel has argued. Otherwise, we will stand on our brief. If there's any more questions, we respectfully ask that the court defer. Thank you, Mr. Rudder. Mr. Fisher. Thank you, Your Honors. Very briefly, with respect to issue four, I think the case law is that generally if there's a one-act-one crime, and I think if it can't be determined on which is the most serious, it goes back to the trial. The court allows the trial judge to decide which is the most serious and which conviction to keep and which ones to reverse or vacate. I suppose this court could draw that conclusion. You know, what occurs to me is this conversation comes up, and I didn't say anything in the brief, but, for example, Your Honor, Judge O'Shea was asking about the different charges, and the judge had specifically found him, say, not guilty on the fourth, because he thought the defendant was credible as to that, but thought that the Motel Room discussion didn't mean that much as to one of the other charges. If he found him not guilty of the fourth, maybe it gives him something less than 25. But I think the most important thing I'll reiterate is that you have two diametrically opposed versions of what took place here, and so I think if the judge, there's at least a strong possibility if the judge had found the defense witness's version to be credible that he would have acquitted the defendant of everything. It's interesting, the judge in his comments, and they're, of course, in the record, they're also in the brief, and he talked about, you know, the differing testimony here, and he said if he had believed the defendant's testimony and Alexis Hicks' testimony, then it certainly would have put a great big bucket of water on the complainant's testimony and everybody around her, which seems to suggest he's considering that as to all of the charges. He then goes on to say, does the defendant have to prove his innocence? No. But once he takes the stand, he has to live by the same rules the state lives by. If they don't pursue leads, if they don't follow up on things and expect me to rule in their behavior, it wouldn't happen, and once he takes the stand, if he says he went to a motel, he's got to give me that receipt. And we've talked before about the logic of the reasoning, but beyond that, I think that is shifting the burden to the defense saying, you're both in the same position at trial, and they're clearly not because the burden is on the state, and it stays on the state, and then it's up to the trial to decide what really happened in the case. Well, are you suggesting that then the judge says, if he says something, I've got to believe it, unless the state disproves what he just said, that anything he says, I've got to believe? I mean, if a witness said, or say a defendant says, gee, I couldn't have done it because I flew out to see my sister in New York that day and flew back the next day, and the judge says, well, I'm thinking if you'd have done that, you'd have brought a copy of your airplane ticket or something like that. Do you think that's shifting the burden? I do. I do. I do. It's one thing to say, I just don't believe you, you are not credible to me, but I don't think he can do it on that basis. I think that he's shifting the burden. Now, for what it's worth, and this only came up at sentencing, counsel said at sentencing she went to the motel at some point prior to trial, and because of the passage of time, between the time of the incident and the charges were filed, they no longer had a receipt. And we talked before about the passage of time, would somebody hold on to a receipt for nine months, some would, some wouldn't. But, yeah, I think that is shifting the burden, and I think that's improper. The judge can't do that. He can say, I don't believe your testimony, but I don't think he can say, well, you didn't bring your receipt, and for that reason, I do not believe your testimony. I'll close one minute. Thank you. The state actually pointed out, according to the bystander's report, the judge, when he denied the continuance, said, well, if you think he's really important, you can ask me again, and she didn't, although she did put it in the post-trial motion. I think it puts the defense in kind of an odd circumstance, you know, to say to either side, well, if you really think it's important at the end, you can ask me to bring in more witnesses. I think he'd already signaled his intention that he just wasn't going to allow it, and I believe that was error. Finally, the state mentions a case in terms of the judge considering integrity of a prosecutor, and I think that kind of, in that case, involved bapsing explanations for reason for excluding a witness. I think this case on the facts is very, very different. Finding a prosecution witness to be credible based on his belief that the prosecutor was above reproach, that's beyond the record and something the judge just can't do. If the implication is, say, from the defendant's argument is, gee, the prosecutor's coached this witness's testimony, you know, so the background says, I think the prosecutor's fed this information to them, or that's the implication, and the trial judge says, look, I know this prosecutor. I don't believe it. That's wrong. Well, that's, again, what he's saying here, and again, as I said before, I think the reason was a little bit convoluted, but what the judge did here is said in his own mind, this would have only been, you know. In my scenario, the type that I just gave you, that's, it's what he's implicit in that comment. You're suggesting counsel that this lawyer unfairly coached a witness. I know this lawyer. I don't believe it. And implicit in that is I know this guy and he wouldn't do it. I guess it's one thing the specific accusation is made. Then you're responding to the accusation. You're responding to the representation. Here it kind of comes out of the blue, and nobody had made that claim. He's just saying, oh, the only way this person would be lying about this very important but somewhat perhaps obscure legal point, at least to lay people, would be if the prosecutor had fed the information. And the judge can't do that. The jury couldn't do it. The jury can't rely on outside information. Neither can the judge. And these things denied the defendant a fair trial in a case that, again, was based exclusively on the credibility of the witnesses. Thank you, Mr. Fisher. Thank you, Your Honor. Thank you both. Excuse me. Thank you both for your argument today. We'll take this matter under advisement and get back to what was written this year. We'll take a short break. And we'll now take the recess and come back. This court stands in recess.